IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., Plaintiff, | |
| v. | Case No. 23–CV–00235–JPG |
| UMIYA MATAJI INVESTMENT, INC., JAYANTI PATEL, JAIMINI PATEL, VIPOOL PATEL, and PAYAL PATEL. Defendants. | |

**MEMORANDUM & ORDER**

### I.   Introduction

This matter comes before the Court on Defendants Jaimini Patel, Jayanti Patel, Payal Patel, Vipool Patel, Umiya Mataji Investment, Inc. ("Defendants") Motion to Set Aside the Clerk's Entry of Default (Doc. 21). Plaintiff Days Inn Worldwide, Inc. ("Plaintiff" or "Days Inn") has not filed a response and the time for doing so has passed.

On January 25, 2023, Plaintiff filed suit against Defendants in this district. Defendants were served, with answers due on March 13, 2023. After receiving no answer from Defendants, Plaintiff filed a motion for entry of default, which was granted. (Docs. 16 and 17). Counsel for defendants entered their appearance on May 5, 2023, and subsequently filed request for leave to file a motion to set aside clerk's entry of default, which the Court granted. (Doc. 20). On May 12, 2023 Defendants filed a motion to set aside default. (Doc. 21). On May 30, 2023, Plaintiff filed a response indicating they do not object to the motion. (Doc. 22).

In Defendants' motion, Defendants state they retained counsel from Kentucky to represent Defendants in a dispute under the Franchise Agreement. (Doc. 21 at ¶¶ 6-7). The attorney from Kentucky communicated with Defendants less and less, and after Defendants

received the lawsuit, the attorney did not provide a timely response. *Id*. at ¶¶ 9-10. The attorney informed them to find an attorney licensed in the Southern District of Illinois to defend in the lawsuit. *Id*. at ¶ 10. Defendants also indicate some of the named defendants are dealing with health conditions. *Id*. at ¶ 13.  Upon a referral from a family friend, Defendants retained counsel, who immediately entered his appearance and filed the motion for leave to file the motion. (Doc. 19).

## II. Analysis

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009); *see also* Fed.R.Civ.P. 55(c).

The Court finds that Defendants have good cause for the default. Some defendants are suffering health conditions, and were not receiving timely responses from an attorney that was actively assisting them in the matter in Kentucky. Defendants sought an attorney licensed in this district to assist them, who took action to correct the default. Additionally, the Court finds Defendants have a meritorious defense to this matter.

Further, Plaintiff responded to the motion outside of the 14-day time limit. Pursuant to the U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions other than a motion to remand, judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall have 14 days after service of the motion to file a written response. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). Any opposition or response to Defendants' motion was due May 26, 2023. Plaintiff's response was outside the 14-day response period. However, Plaintiff

responded indicating they do not object to the motion to set aside default, but rejects that its answer is meritorious.

Because the Court finds that Defendants have good cause for the default, took quick action to correct the default, have a meritorious defense, and Plaintiff admits to the merits of the motion to set aside default, the Court will grant Defendants' motion.

### III.     Conclusion

The Court hereby **GRANTS** Defendants' Motion to Set Aside Clerk's Entry of Default. The Court **DIRECTS** the Clerk of the Court to **VACATE** its previous entry of default. (Doc. 17). Defendants' Answer to the Complaint is due June 21, 2023.


**IT IS SO ORDERED.**
**DATED: May 31, 2023**

                                             **/s/   J. Phil Gilbert**
                                             **J. PHIL GILBERT**
                                             **UNITED STATES DISTRICT JUDGE**